IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SYLVIA HOLMES, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:21-cv-5154 |
| v. | ) ) ) | Removal from the Circuit Court of Will County, Illinois |
| BIMBA, LLC | ) ) | No. 2021-L-000638 |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Bimba, LLC ("Bimba") hereby removes this putative class action from the Circuit Court of Will County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and, on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

**I.     Overview of Claims Asserted and Relief Sought**

Bimba is a limited liability company whose sole member is IMI Americas LLC. IMI Americas LLC's sole member is IMI Fluid Control Holdings, Inc., which is a Delaware corporation with its principal place of business in Colorado. Plaintiff Sylvia Holmes' Class Action Complaint asserts that she used face-scan timekeeping technology, which collected her purported

biometric data in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*[1] *See* Compl. ¶¶ 33-35 (attached as part of Exhibit A).[2]

Plaintiff alleges three categories of violations under three separate subparts of BIPA's Section 15.[3] Compl. ¶¶ 82; 91-92. Specifically, Plaintiff alleges Bimba:

1) failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA (Section 15(a));[4]

2) did not inform Plaintiff and putative class members in writing that their biometrics were being collected and stored and of the specific purpose and length of term for which their biometrics were being collected, stored, and used (Section 15(b)(1)-(2));

3) failed to obtain a written release from Plaintiff and putative class members (Section 15(b)(3)).

4) systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff and the Class's biometric identifiers and/or biometric information without first obtaining consent (Section 15(d)(1)).

Plaintiff seeks statutory damages for each of Defendant's violations of BIPA. Compl. at 18 ¶ D, Prayer for Relief. Plaintiff also seeks injunctive relief, which includes enjoining Bimba from further alleged BIPA non-compliance. *Id*. Plaintiff defines the putative class as follows: "All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period." *Id*. ¶ 71.

---

[1] Bimba denies that it collects biometric identifiers or biometric information as defined by 740 ILCS 14/10. Bimba also denies that it violated BIPA.

[2] **Exhibit A** is "a copy of all process, pleadings, and orders served" on Bimba, LLC. *See* 28 U.S.C. §1446(a).

[3] Bimba contends that Plaintiff has not pled any viable cause of action and identifies Plaintiff's attempts at claims for removal purposes only.

[4] This court has Article III standing over Plaintiff's BIPA Section 15(a) claim as alleged. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020).

## II. Removal is Proper Under CAFA

This Court has jurisdiction under CAFA because this lawsuit is a purported class action (Compl. ¶ 75) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" to include state law class actions); 28 U.S.C. § 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1446 (permitting removal).

### A. Minimal Diversity Exists

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of Illinois. Compl. ¶ 4. The citizenship of a limited liability company like Bimba is determined by the citizenship of each of its members. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998). Bimba's sole member is IMI Americas LLC. IMI Americas LLC's sole member is IMI Fluid Control Holdings, Inc., which is a Delaware corporation with its principal place of business in Colorado. *See* Decl. of Molly Deugaw, attached as Exhibit B. Accordingly, Bimba is not a citizen of Illinois, and minimal diversity exists.

### B. The Amount in Controversy Exceeds $5,000,000

Here, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Plaintiff asserts three types of alleged violations, and seeks statutory damages for "each" violation (*see e.g., id*. ¶ 103), and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6).

3

In her Complaint, Plaintiff alleges she worked for Bimba in Illinois and that she used face-scan timekeeping to track her time worked. Compl. ¶¶ 1; 33-34. As relief, Plaintiff seeks, among other things, "statutory damages of $5,000 for *each* intentional/reckless violation of BIPA." *Id.* at ¶ 84. In her Motion for Class Certification, Plaintiff asserts that the number of members of the putative class is more than 200. *See* Plaintiff's Motion for Class Certification, attached as Ex. C at 1 ("Plaintiff seeks to certify a class consisting of several hundred or more individuals…"). Plaintiff worked for a staffing agency that provided temporary employees to Bimba pursuant to the terms of an agreement. *See* Ex. B at ¶ 3. From January 1, 2015 to July, 2021, Bimba used at least 922 temporary employees. *Id.* at ¶ 5. A total of 922 employees would yield a maximum amount in controversy that meets the jurisdictional prerequisite for the two BIPA violations alleged here (922 x 2 x $5,000= $9,220,000). Thus, the damages at issue in this putative class action exceed $5,000,000, thereby satisfying CAFA's jurisdictional prerequisite. *See Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 & n.25 (7th Cir. 2011) (explaining that once a removing party plausibly explains that the amount in controversy exceeds $5,000,000, the district court has jurisdiction unless it is legally impossibly for the plaintiff to recover that much); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

**III.    The Procedural Requirements for Removal Have Been Satisfied**

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). Bimba was served on August 31, 2021. *See* Ex. A. Counting forward 30 days comes to September 30, 2021.

Today, Bimba timely files this notice with the Circuit Court of Will County, along with an executed copy of the Notice of Filing Notice of Removal. Bimba also serves those filings on all parties. 28 U.S.C. § 1446(d).

Dated: September 29, 2021

Respectfully submitted,

**BIMBA LLC**

By: /s/ *Amy Y. Cho*

Amy Y. Cho (acho@shb.com)
Yara K. Rashad (yrashad@shb.com)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, Amy Y. Cho, an attorney, hereby certify that on **September 29, 2021**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in this matter in the Circuit Court of Winnebago County, addressed as follows:

> Brandon M. Wise
> Paul A. Lesko
> Adam Florek
> PEIFFER WOLF CARR KANE & CONWAY, LLP
> 818 Lafayette Ave, Floor 2
> St. Louis, MO 63104
> bwise@peifferwolf.com
> plesko@peifferwolf.com
> aflorek@peifferwolf.com

*Attorneys for Plaintiff and the Putative Class*

           */s/ Amy Y. Cho*